# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICTOR FILIPE,<br><br>                    Plaintiff,<br><br>      vs.<br><br>FBI, and SHERIFF OFFICE,<br><br>                    Defendants. | 8:18CV215<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Plaintiff Victor Filipe's motion to proceed in forma pauperis (filing no. 2), motion to appoint counsel (filing no. 4), and his pro se civil complaint (filing no. 1). For the reasons stated below, Plaintiff's motion to proceed in forma pauperis (filing no. 2) and motion to appoint counsel (filing no. 4) are denied and this action is dismissed with prejudice.

      On May 14, 2018, Plaintiff, a non-prisoner pro se litigant, filed a complaint in the United States District Court for the Northern District of Texas against the FBI in Omaha, Nebraska, and a Lexington, Nebraska Sheriff's Department officer, Suzana Tanzo. (Filing No. 1.) The case was transferred to this court on May 18, 2018. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

      The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff alleges that he previously lived in Lexington, Nebraska, but now lives in Fort Worth, Texas. He alleges that he spent one month in jail in Lexington, Nebraska for a traffic ticket. While he was in jail, Plaintiff claims an "FBI agent from Nebraska had visited the jail [and] it seemed as if the FBI and [Officer Tanzo] who used to work at Tyson Food in Lexington . . . put smart dust in my food." (Filing No. 1.) Plaintiff claims it now "seems as if [he's] being followed by these people by satalite [sic] [and] it seems as if the smart dust chemicals are attacking torturing my body, my head, my stomach, back, my legs, [and] eyes." (*Id.*) Plaintiff asks the court to intervene to "stop them." (*Id.*)

The court will dismiss Plaintiff's Complaint because his allegations are entirely baseless, fanciful, fantastic, or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous, and disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous where it lacks an arguable basis either in law or in fact). Accordingly, the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading. *See* 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint (filing no. 1) is dismissed with prejudice as frivolous.

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (filing no. 2) and Motion for the Appointment of Counsel (filing no. 4) are denied.

3. The court will enter judgment by a separate document.

Dated this 1st day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
